## Commonwealth v. Spiegel

*F. Porter Wagner*, for Commonwealth.

*Gailey C. Keller* and *Smith, Eves & Keller*, for defendant.

KREISHER, P. J., November 8, 1962.—On April 30, 1962, a member of the Pennsylvania State Police lodged an information charging defendant with speeding on April 21, 1962.

On May 8, the justice sent to defendant the usual ten-day notice together with a copy of said information by certified mail.

On May 11, defendant appeared before the justice and requested a hearing which was scheduled for May 19.

On said date, the prosecutor, defendant and passenger in defendant's car testified, after which the hearing was continued to hear the testimony of the officer who accompanied the prosecutor, then on vacation.

On June 22, after hearing the testimony of passenger officer, defendant was adjudged guilty and directed to pay the fine and costs.

On June 25, counsel for defendant presented a petition to the above captioned court requesting that an appeal be allowed from the decision of the justice.

On the same date the court granted a rule upon the Commonwealth to show cause why an appeal should not be allowed, making the same returnable July 12, 1962.

It appearing, on July 16, that no answer was filed, the said rule was made absolute with directions to the justice to file his transcript of the case with the clerk of the courts.

On August 24, said transcript was received and filed and the matter is now before the Court for disposition.

The Vehicle Code of April 29, 1959, P. L. 58, sec. 1202, subsec. (a), 75 PS §1202(a), provides:

"Summary proceedings under this act may be commenced as provided in section 1201(c) or by the filing of information, which information must be filed in the name of the Commonwealth, and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered or certified mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

The transcript, as filed, clearly shows from the dates outlined above that the justice did not, "within a period of seven (7) days after information has been lodged" send defendant notice, as the information was lodged April 30, and notice was not mailed until May 8.

This same question was passed upon by this court in the case of Commonwealth v. Heim, 18 D. & C. 2d 404, which arose in Columbia County. In that opinion, we reviewed at length the cases on the subject and concluded the procedural requirements of the code were mandatory, and subject to successful attack if defective. We have been referred to no authority which changes our conclusion and we believe our reasoning applies with equal force to cases heard on appeal as it

does to cases heard by the way of waiver as provided by the code.

Therefore, without repeating the lengthy discussion of the Heim case, we enter the following:

*Order of Court*

And now, to wit, November 8, 1962, the appeal is sustained and the costs are placed upon the County of Montour, including the costs of the justice.

It is further ordered that this order of court shall be sufficient warrant for the said justice of the peace to return the fine and costs collected to appellant and mark his docket accordingly for notice to the auditors.